IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHARON SANDOVAL,

       Plaintiff,

vs.                                                            Civ. No. 09-461 MCA/RHS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

     1. THIS MATTER comes before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision ("Motion"), filed May 10, 2010 **[Doc. 22]**. Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Disability Insurance Benefits ("DIB").

     2. On December 29, 2005, Plaintiff applied for DIB alleging a disability which commenced on May 23, 2004. (Administrative Record ("AR") at 14). Plaintiff was born on May 7, 1962, has obtained a GED, and has worked as a cashier and stocker (AR at 70, 91, 94). In her Disability Report - Adult - Form SSA-3368, dated August 17, 2007, Plaintiff claimed that her ability to work is limited by "Hep[atitis] C, back pains, [and] depression." (AR at 90).

     3. On October 27, 2008, the ALJ issued a decision finding that Plaintiff was not entitled to disability benefits. The ALJ concluded that because Plaintiff "would not be disabled if she stopped the substance use . . . . [she] has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of this decision." (AR at 24).

4. On March 5, 2009, the Appeals Council denied Plaintiff's request for review, (AR at 3), thus rendering the ALJ's decision the final decision of the Commissioner, see Doyal v. Barnhart, 331 F.3d 758, 759 (10th Cir. 2003).  The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence.[1]  Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted).  Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  Id.  (citation omitted).

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  Thompson, 987 F.2d at 1486 (citing 42 U.S.C. § 423 (d)(1)(A)); see also 42 U.S.C. § 1382c(a)(3)(A).  Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  Id. (citations omitted).

6. At the first four levels of the evaluation, the claimant must show:  (1) that she is not working; (2) that she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that she is unable to perform work done in the past.  At the fifth step, the Commissioner must produce evidence regarding the

---

[1]Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1028 (10th Cir. 1994) (internal quotations and citations omitted).  "Evidence is insubstantial if it is overwhelmingly contradicted by other evidence."  O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994) (citation omitted).

claimant's ability to perform other work.  Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988).

   7.  The ALJ determined at step four that, absent substance abuse, Plaintiff "would be able to perform [her] past relevant work."  (AR at 22).  Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1) the ALJ's determination that Plaintiff's substance abuse was a contributing factor material to the determination of disability is not supported by substantial evidence and fails to apply the proper legal analysis required under the administration's teletype; and (2) the ALJ's step four finding that Plaintiff is capable of returning to her past relevant work is not supported by substantial evidence and failed to apply the proper legal analysis under SSR 82-62 and Tenth Circuit case law.  (Memorandum in Support of Motion ("Memo") at 1, filed May 10, 2010 **[Doc. 23]**).

   *The ALJ's substance abuse determination*

   8.  At step two, the ALJ found that Plaintiff "has the following severe combination of impairments: depression and drug abuse."  (AR at 17 ¶ 3 (citations omitted)).  At step three, the ALJ determined that Plaintiff's impairments, "including the substance use disorders, meet section(s) 12.09 and 12.04 of 20 CFR Part 404, Subpart P, Appendix 1 [(the "Listings")]."  (AR at 18 ¶ 4 (citations omitted)).  Although the ALJ found that Plaintiff would continue to have a severe impairment or combination of impairments in the absence of substance abuse, the ALJ determined that such impairment or combination of impairments would not meet or medically equal any of the Listed impairments.  (AR at 19 ¶ 6).  The ALJ concluded that absent substance use, Plaintiff "would have the residual functional capacity [("RFC")] to perform simple unskilled work activity" with certain limitations "due to depression."  (AR at 20 ¶ 7).

   9.  Plaintiff's argument that the ALJ erred "by not first determining medical disability [before] . . . proceeding to the materiality determination . . . ." is meritless because it is factually

3

erroneous.  (Memo at 8).  As previously noted, the ALJ initially determined at step three that Plaintiff's impairments, including substance use, met the requirements for disability under Listing §§ 12.04 and 12.09.  Only after making this determination did the ALJ proceed to consider the effect of Plaintiff's remaining limitations, in the absence of substance abuse.

      10.  Next, Plaintiff argues that the "medical evidence of record d[oes] not support [a finding] that [Plaintiff's] substance abuse was a contributing factor material to the determination of disability."  (Memo at 8).  The ALJ found that if Plaintiff abstained from substance abuse, "[i]n terms of the 'paragraph B' criteria . . . [she] would have mild restriction in activities of daily living . . . moderate difficulties in social functioning and in concentration, persistence and/or pace . . . . [and] would experience no episodes of decompensation."  (AR at 20).  The ALJ concluded that if Plaintiff "stopped the substance use . . . [she] is able to return to her past work as a stocker."  (AR at 23 ¶ 12).

      11.  It is not entirely clear what evidence the ALJ relied on to support his conclusion that Plaintiff would not be disabled if she stopped substance use.  The ALJ referred to Plaintiff's testimony "that she feels better without cocaine; that her body functions better without cocaine; and that she experiences no [panic/anxiety] attacks since she stopped the cocaine and takes her medications."  (AR at 19).  However, despite the ALJ's statement that "the opinions of [] non-treating, non-examining physicians . . . are not entitled to controlling weight," he apparently relied heavily on the opinions of non-examining state agency physicians in determining what limitations Plaintiff would have in the absence of substance use.  (AR 330, 345).[2]  In this case,

---

[2] The "paragraph B" limitations that the ALJ found Plaintiff would have in the absence of substance use are identical to those set forth by state agency physicians E. Chiang and R. Romanik on 7/7/2005 and 7/14/2005, respectively.  (AR 330, 345).

the ALJ's reliance on the opinions of the non-examining state agency physicians is problematic.

12.  The Tenth Circuit has noted that "findings of a nontreating physician based upon limited contact and examination are of suspect reliability." Drapeau v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001) (quoting Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987)).  If the ALJ relies heavily on opinions of an agency medical consultant that did not examine the claimant, "the opinions must themselves find adequate support in the medical evidence." Lee v. Barnhart, 117 Fed.Appx. 674, 678, 2004 WL 2810224, at **3 (10th Cir. Dec. 8, 2004) (not selected for publication).  In this case, the ALJ failed to properly consider the medical evidence in reaching his decision.  In particular, the ALJ failed to properly evaluate the opinions of Rebecca Fu, M.D. which appear to contradict those of the state agency physicians regarding Plaintiff's limitations.[3]  (AR at 200-04).

13.  In a Mental Residual Functional Capacity Questionnaire, dated May 26, 2006, Dr. Fu diagnosed Plaintiff with substance abuse (cocaine), major depression, anxiety, hepatitis C, insomnia and arthralgias, and rated Plaintiff's GAF score at 30.  (AR at 200).  Dr. Fu assessed Plaintiff as "unable to meet competitive standards"[4] with respect to 11 mental abilities needed to do "unskilled work," four abilities needed to do "semiskilled and skilled work" and four abilities needed to do "particular types of jobs."  (AR at 202-03).  In addition, Dr. Fu anticipated that Plaintiff's "impairments or treatment would cause [her] to be absent from work more than four days per month."  (AR at 204).  Dr. Fu indicated that substance abuse contributes to one or more

---

[3]Dr. Fu appears to be a treating physician.  (See AR at 200 (indicating that Dr. Fu had seen Plaintiff every three months over a two year period)).

[4]"*Unable to meet competitive standards* means your patient cannot satisfactorily perform this activity independently, appropriately, effectively and on a sustained basis in a regular work setting."  (AR at 202 (italics in original)).

of Plaintiff's limitations, explaining that "crack cocaine use/dependence . . . . impair[s] her decision making ability as well."[5] (AR at 204). However, Dr. Fu further indicated that her description of Plaintiff's limitations would not change, even if Plaintiff "were *totally abstinent from alcohol or substance abuse*." (AR at 204 (emphasis added)).

14. The ALJ did not discuss Dr. Fu's assessment of Plaintiff's work-related mental abilities or her opinion that Plaintiff's impairments/treatment would cause her to miss more than four days of work per month. Nor did the ALJ address Dr. Fu's statement that her assessment of Plaintiff's limitations would not change in the absence of substance abuse. The ALJ offers no explanation for apparently rejecting Dr. Fu's opinions regarding Plaintiff's limitations in favor of those set forth by non-examining state agency physicians. Indeed, the ALJ neither indicated whether Dr. Fu was a treating physician nor discussed the weight he afforded her opinions. This was error.

15. "The Commissioner's regulations provide that []he will evaluate every medical opinion in the record, and unless []he gives a treating source's opinion controlling weight, []he will consider several factors in deciding the weight that should be given to any medical opinion." Salazar v. Barnhart, 468 F.3d 615, 625-26 (10th Cir. 2006) (citing 20 C.F.R. § 416.927(d)).[6] The ALJ failed to comply with these requirements. Moreover, to the extent the ALJ rejected Dr. Fu's

---

[5]When asked if substance abuse contributed to *any* of Plaintiff's limitations, Dr. Fu answered "yes." (AR at 204). The ALJ apparently construed this answer as Dr. Fu's opinion "that crack cocaine also contributes to *all* limitations set forth in this report." (AR at 18 (emphasis added)).

[6]These factors include: "(1) the examining relationship; (2) the treatment relationship; (3) the length of the treatment relationship and the frequency of examinations; (4) the nature and extent of the treatment relationship; (5) how well the opinion is supported; (6) its consistency with other evidence; and (7) whether the opinion is from a specialist." Salazar, 468 F.3d at 626 (citations omitted).

opinions in favor of the opinions of non-examining agency physicians, his failure to offer an explanation for doing so means the Court "cannot meaningfully review the ALJ's determination." Drapeau v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001) (citing Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996) (holding that "[i]n the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion")). Accordingly, the Court concludes that this matter should be remanded for a proper re-evaluation of the medical evidence, to include Dr. Fu's medical opinions.

16. In order to conclude that the ALJ's error is harmless, the Court must make a factual finding that the evidence at issue supports the ALJ's finding of non-disability. However, "to the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action." Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004) (citing SEC v. Chenery Corp., 318 U.S. 80 (1943)). Moreover, because Dr. Fu's opinions arguably support a finding of disability, the Court is "not in a position to draw factual conclusions on behalf of the ALJ." Allen, 357 F.3d at 1144 (citation and internal quotation marks omitted).

17. Plaintiff also alleges that the ALJ's step four finding that Plaintiff is capable of performing past relevant work is not supported by substantial evidence. However, because a re-evaluation of the medical evidence may impact the ALJ's RFC finding, the Court need not address this allegation of error. On remand, the Commissioner should proceed as necessary, based on the findings following a re-evaluation of the medical evidence.

**ACCORDINGLY,**

**IT IS RESPECTFULLY RECOMMENDED** that Plaintiff's Motion to Reverse or

Remand Administrative Agency Decision **[Doc. 22]** be **granted** and this matter be **remanded** to the Commissioner for further proceedings, to include:

    A.    a proper re-evaluation of the medical evidence, to include Dr. Fu's medical opinions; and

    B.    further proceedings as necessary, based on the findings following a re-evaluation of the medical evidence.

**NOTE:** Timely written objections to the foregoing proposed findings and recommended disposition may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

*/s/ Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE